In support of his argument he cited the following authorities: 4 Bl. Comm. 142, 144; 1 Lev. 146; 1 Keb. 809; 4 Bl. Comm. 180; Strange, 193; 4 Bl. Comm. 242; Crown Cir. Comp. 376; Fost. 128; Leach, 204; [Respublica v. Teischer] 1 Dall. [1 U. S.] 338; 1 Sid. 168; Comb. 304; Leach, 39; Ld. Raym. 1461; [Respublica v. Sweers] 1 Dall. [1 U. S.] 45.

Before JAY. Circuit Justice, and PETERS, District Judge.

THE COURT were of opinion in the charge, that the offence was indictable, and that the defendant was not privileged from prosecution in virtue of his consular appointment. The jury, after a short consultation, pronounced the defendant guilty; but he was afterwards pardoned, on condition (as I have heard) that he surrendered his commission and exequatur.

As to the question of jurisdiction, see U. S. v. Worral [Case No. 16,766].

## Case No. 16,123.

### UNITED STATES v. RAWLINSON.

### [1 Cranch, C. C. 83.] [1]

Circuit Court, District of Columbia. April Term, 1802.

#### INDICTMENT—NAME OF PROSECUTOR.

The name of a prosecutor must be indorsed on an indictment for keeping a bawdy-house.

Indictment [against Mary Rawlinson] for keeping a bawdy-house. It was questioned by the attorney for the United States, whether the name of Asa Hill, being a voluntary witness to the grand jury, ought not to be written at the foot of the indictment as a prosecutor, before it should be sent up to the grand jury.

THE COURT were of opinion that his name ought to be so written, but gave no direction.

## Case No. 16,124.

### UNITED STATES v. RAY.

### [2 Cranch, C. C. 141.] [1]

Circuit Court, District of Columbia. June Term, 1817.

#### CORPORATIONS—POWER TO ISSUE NOTES.

1. The Independent Manufacturing Company of Baltimore might authorize their president and treasurer to issue promissory notes, having the form of bank-notes, in bona fide payment for materials furnished, and services rendered for the use of the company, if done without fraudulent intention.

2. But they had no right to pass them away for the purpose of putting them into circulation as a current circulating medium, and not in payment for materials, &c., for the use of the company in the ordinary course of their business as a manufacturing company, and, if so issued and passed by the defendant as a circulating medium, with intent to defraud or injure any person, he is guilty of an indictable offence.

[1] [Reported by Hon. William Cranch, Chief Judge.]

This cause was, by consent, tried upon the presentment, which was in these words: "District of Columbia. Washington County Court, June Term, 1817. The grand jury for the body of the county aforesaid, on their oaths present Andrew Ray, of Baltimore, styling himself president of 'The Independent Manufacturing Company of Baltimore,' for fraudulently passing and attempting to pass certain promissory notes in the form and appearance of bank-notes, stating them to be payable to ——— or bearer, by 'The Independent Manufacturing Company of Baltimore,' said Ray knowing such notes to be spurious and void; the funds and property of the said company not being bound to redeem or pay the same, they not being under the seal of the said company as required by their charter, on the information of John Peter, mayor of Georgetown, on or about the 29th of May last. John Ott, Foreman."

Mr. Law, for defendant, moved the court to instruct the jury, that the facts proved did not amount to any crime or offence.

Mr. Jones, for the United States, contended that the corporation had no power to issue such notes; that they could only contract under their corporate seal; or that if they can issue promissory notes, it can only be for the purchase of materials. &c., in the regular course of their business as manufacturers.

THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury, that if they should be of opinion, from the evidence in this cause, that the traverser gave the notes in the presentment mentioned, in bona fide payment for materials, or articles purchased by him as the agent and for the use of the manufacturing company in the presentment mentioned, or for services bona fide rendered for the use of the said company, or in payment of his expenses as agent of the said company; and that he was, by a vote of the directors of the said company, instructed to use the said notes in that manner: and that the said notes were signed by him as president, and by Edward Gillespie, treasurer of the said company, by an order of the said board of directors, and that he was appointed by the said company as their agent to make such purchases or payments; and that he as agent as aforesaid, in making such payment, had no intention to defraud any person, then he was guilty of no offence in so uttering or passing, or paying away the said notes. But if the jury should be of opinion, from the evidence in this cause, that the traverser passed away the said notes for the purpose of putting them into circulation, as a current circulating medium, and not in payment for goods, materials, services, or expenses for the use of the said company, in the ordinary course of their business as a manufacturing company, with a view to defraud or injure any person, then he was guilty of such an offence as would support an indictment.

Verdict, "Not guilty."